**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAMES MARK HINKLEY,

                Plaintiff - Appellant,

v.

ROD SHUMATE; et al.,

                Defendants - Appellees.

No. 14-35602

D.C. No. 4:14-cv-05029-EFS

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Submitted August 25, 2015[**]

Before:    McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

    Washington state prisoner James Mark Hinkley appeals pro se from the

district court's judgment in his 42 U.S.C. § 1983 action alleging Eighth

Amendment claims relating to the conditions of his confinement. We review de

novo. *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011) (dismissal under 28

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)).  We may affirm on any ground supported by the record.  *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008).  We affirm in part, vacate in part, and remand.

Dismissal of Hinkley's inadequate bedding claim was proper as to defendants Warner, Franks, Sinclair, and Knight because Hinkley failed to allege facts sufficient to show that these defendants knew that the prison's single-mat policy presented an excessive risk of harm to Hinkley's health and disregarded that risk.  *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("[A] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety[.]"); *see also Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (a supervisor is liable under § 1983 only if he is personally involved in the constitutional deprivation or there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation" (citation and internal quotation marks omitted)); *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (the causation analysis under § 1983 is "individualized and focus[es] on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation").

However, dismissal of Hinkley's inadequate bedding claim as to defendant Shumate was premature because Hinkley alleged that Shumate failed to respond to his request for an additional mat. These allegations, liberally construed, were "sufficient to warrant ordering [Shumate] to file an answer." *Wilhelm v. Rotman*, 680 F.3d 1113, 1116 (9th Cir. 2012). Accordingly, we vacate the judgment and remand for further proceedings on this claim only.

The district court properly dismissed Hinkley's bathroom break and hygiene/sanitation claims because Hinkley failed to allege facts sufficient to show that these policies deprived him of basic necessities of life and that defendants knew of and disregarded an excessive risk of harm to his health. *See Farmer*, 511 U.S. at 837; *Anderson v. County of Kern*, 45 F.3d 1310, 1314-15 (9th Cir. 1995) (subjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an Eighth Amendment violation); *see also Starr*, 652 F.3d at 1207.

Hinkley's contempt motion, cross-noticed in Appeal Nos. 14-35602 and 14-35603 and filed on January 2, 2015, is denied.

**AFFIRMED in part, VACATED in part, and REMANDED.**